CITY OF WAUWATOSA, Respondent, vs. CITY OF MILWAU-KEE, Appellant.

*March 9—April 3, 1923.*

*Municipal corporations: Annexation of territory: Detachment of territory from city of the fourth class.*

1. Ch. 242, Laws 1921, relating to the annexation of lands to a city, which expressly provided that it should not take effect until January 1, 1922, is not applicable to an attempted annexation of territory by an ordinance passed in November, 1921.
2. Secs. 925—17 and 925—18, Stats., providing that a majority of the electors and the owners of one third of the taxable property in territory adjacent to a city may present a petition to the common council requesting annexation to the city, must be construed in connection with sec. 925—21a, which relates to the detachment of territory from a city of the fourth class; and the common council of the city of Milwaukee, on petition of a majority of the electors and landowners of a strip of land adjacent to the city of Milwaukee but within the city of Wauwatosa, could not by ordinance detach such strip from the city of Wauwatosa and annex it to the city of Milwaukee without appropriate action by the city of Wauwatosa.

APPEAL from an order of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

June 30, 1920, the majority of the electors residing in and the owners of more than one half of the real estate inclosed in a small strip of land about 150 feet wide and about 1,600 feet long adjacent to the west boundary line of the city of *Milwaukee,* running from Pabst avenue north to and across

North avenue of said city, petitioned its common council to be thereto annexed. November 14, 1921, defendant's common council, pursuant to said petition, duly passed a resolution which, among other things, after describing by metes and bounds the territory in question, ordained that such territory "hereby is disconnected from the city of *Wauwatosa* and annexed to the city of *Milwaukee;*" and further providing that after such disconnection and annexation the territory shall be exempt from further taxations and assessments by the city of *Wauwatosa* and thenceforth be subject to taxation and assessment as a part of the city of *Milwaukee* for any and all purposes provided by law. Such ordinance, pursuant to law and express provision therein contained, became effective, if at all, at the end of ninety days following such passage and publication, namely, by February 13, 1922. Thereafter the city of *Milwaukee* took the usual steps for assessing said property for taxation purposes and let contracts pursuant to which work was commenced for laying drains and water-pipe connections in such territory as though a part of the city of *Milwaukee.*

In August, 1922, on being first notified of such claim on the part of the city of *Milwaukee* and the commencement of such work, the city of *Wauwatosa,* within whose corporate limits the said strip of territory had been contained, commenced this equitable proceeding to restrain the city of *Milwaukee* from entering upon or asserting any dominion or control over such tract of land and restraining it from placing such territory on its tax roll. The city of *Milwaukee* answered, in substance, asserting the proceedings above recited and claiming that thereby the territory in question became duly disconnected from the city of *Wauwatosa* and annexed to the city of *Milwaukee.*

The plaintiff demurred to such answer on the ground that the same did not state facts sufficient to constitute a defense.

Upon the hearing the demurrer was sustained, with leave to the defendant to amend. From the order so sustaining such demurrer the defendant has brought this appeal.

For the appellant there was a brief by *John M. Niven,* city attorney, and *Mark A. Kline,* first assistant city attorney, and oral argument by *Mr. Kline.*

*Albert B. Houghton* of Milwaukee, for the respondent.

Eschweiler, J.    Reliance in the argument is placed by defendant appellant upon changes made in certain of the material statutes by ch. 242, Laws of 1921. Such amending law, however, expressly provided that it should not take effect until January 1, 1922. Being subsequent to the adoption of the ordinance in question here in November, 1921, it cannot be considered as applicable, and the present case must be decided under the Statutes of 1919.

Defendant city relies upon the following statutes of 1919 found in ch. 64*bb,* the material parts of which we quote:

"Section 925—17. *Territory lying adjacent to any city* organized under the provisions of this chapter *or adjacent to any city* organized under a special charter which," etc., "*may be annexed to such city* in the manner hereinafter set forth."

"Section 925—18. A majority of the electors and the owners of at least one third of the taxable property according to the last tax roll, *in territory adjacent to such city,* may together present a petition to the common council of such city asking for annexation thereto."

Defendant asserted that the language *territory lying adjacent* to any such city refers to and includes any and all territory within or without the then existing boundaries of another city so long as such territory is geographically adjacent to the annexing city.

The plaintiff asserts that the strip of land in question being at the time of the proposed annexation within the charter prescribed boundaries and therefore an integral part of the

plaintiff, a city of the fourth class, could not be separated therefrom except with the consent of plaintiff's common council pursuant to the provisions of the section found in the same chapter and under the general heading "Annexation and detachment of territory," reading, so far as material, as follows:

*"Detachment of territory. . . .* Section 925—21*a.* Upon the petition of a majority of property owners owning three fourths of the taxable real estate which it is proposed to *detach . . . within the corporate limits* of a city of the . . . fourth class, whether incorporated under the provisions of this chapter or by special charter, and which said taxable property is within a section adjacent to the boundary lines of any such city, *the common council may by ordinance detach such real estate from such city.* Such ordinance shall require for its adoption the affirmative vote of three fourths of all the members of such common council and *if so adopted* the said property shall be *detached from such city* and attached to the town or towns to which the same shall be annexed and shall be taxable therein."

In *State ex rel. Shawano v. Engel,* 171 Wis. 299, 177 N. W. 33, it was held that the described boundary lines of a city are substantial portions of its charter and as much so as other provisions therein contained; and that any increase or diminution of such territory is in effect an amendment to its charter and therefore beyond even the power of the legislature to effect by special act, owing to the constitutional inhibition against such special legislation. Const., art. IV, sec. 31, sub. 9.

In view of the substantial right thus recognized in the plaintiff as a corporate entity to and over its corporate territory, the general language in secs. 925—17 and 925—18 covering the broad and general field of annexation of territory and referring to territory *lying adjacent to any such city* must properly be construed in connection with the express language of sec. 925—21*a, supra,* providing for the more limited field of detachment of municipal territory.

The two statutes, where the literal enforcement of the one clashes with the literal enforcement of the other, must be construed together and harmonized if possible, so as to permit effect to be given to each, and where such broad and general language is used in the one as would, if construed literally and separately as desired by defendant, nullify the evident purpose and express language of the other, it is our duty to prune down the literal language or possible broad construction of the one so as to leave vitality in the other. *State ex rel. Time Ins. Co. v. Superior Court,* 176 Wis. 269, 274, 186 N. W. 748.

So viewing these several statutes, we have no difficulty in reaching a conclusion in accord with that of the trial court. It is held that the strip of *Wauwatosa* territory was not lawfully detached from that city and therefore not properly subject to the proceedings relied upon by defendant and did not become lawfully annexed to the city of *Milwaukee.*

*By the Court.*—Order affirmed.