ZWEIFEL, Appellant, vs. CITY OF MILWAUKEE, Respondent.

*November 18—December 8, 1925.*

*Municipal corporations: Annexation of territory to city: Who are electors: What constitutes "real estate:" How admeasured: By area or value: Ordinance void in part.*

1. The term "elector," as used in sec. 926—2, Stats., providing for a petition to annex territory adjoining a city, applies to all electors living within the territory proposed to be annexed, and not merely to those having a legal right to vote in a given precinct or other subdivision designated by law as a unit for voting purposes; and a petition signed by a majority of the electors of the territory is sufficient to annex the entire tract, including part of a particular town therein, although only a minority of the electors of the town signed the petition. p. 363.

Zweifel v. Milwaukee, 188 Wis. 358.

2. An ordinance which provided for the annexation of territory adjacent to a city and which was void in so far as it attempted to annex part of another city, is void *in toto,* as its provisions are not separable and it cannot be said that the same action would have been taken by the electors of the area and by the city if the petition did not embrace the area which could not lawfully be annexed.   p. 363.

3. The formation of boundaries of cities is a legislative matter, and the legislature may authorize such procedure as it deems wise so long as it does not meet with constitutional restraint. p. 364.

4. Under sec. 926—2, Stats., which is applicable only to special-charter cities and which provides that a petition for the annexation of territory by a city (requiring, under sec. 925—18 of the general charter law, signatures by a majority of the electors and owners of at least one third of the taxable property) shall be sufficient if signed by one half of the resident electors and owners of one half of the real estate, the term "real estate" refers to area, not to value.   p. 364.

5. As used in said sec. 926—2, the words "real estate" do not include lands, tenements, and hereditaments.   p. 365.

APPEAL from a judgment of the circuit court for Milwaukee county: EDGAR V. WERNER, Judge.   *Affirmed.*

*W. O. Meilahn,* attorney, and *Gilbert J. Davelaar,* of counsel, both of Milwaukee, for the appellant.

For the respondent there were briefs by *John M. Niven,* city attorney, and *Mark A. Kline,* first assistant city attorney, and oral argument by *Mr. Kline.*

A brief was also filed by *Herbert J. Piper* of Milwaukee, as *amicus curiæ.*

ROSENBERRY, J.   This case was before this court upon demurrer to the defendant's answer, it being an action in equity brought to test the validity of a certain ordinance adopted by the city council of the city of *Milwaukee* annexing certain territory to the city, reported in 185 Wis. 625, 201 N. W. 385.   It was there held that the city of *Milwaukee* might proceed to annex territory without first adopting the provisions of secs. 925—17 to 925—21, inclusive, Stats.,

being a part of the general city charter law, and it was also held that the territory to be annexed to a city need not be limited to a single township and may include an unincorporated village.

Sec. 926—2, Stats. 1898, provides:

"Territory lying adjacent to any city so incorporated may be annexed to such city in the manner provided by sections 925—17 to 925—21 inclusive; provided, that the petition required by section 925—18 shall be sufficient for the purposes therein mentioned if signed by one half of the resident electors and the owners of one half of the real estate within the limits of the territory proposed to be annexed."

Sec. 925—18, as amended, provides:

"A majority of the electors and the owners of at least one third of the taxable property according to the last tax roll, in territory adjacent to such city may together present a petition to the common council of such city, asking for annexation . thereto; provided, that if no electors reside therein such petition must be signed by the owners of at least one half of the taxable property desired to be annexed before the council shall have power to act thereon."

Upon the return of the record to the circuit court for Milwaukee county the plaintiff filed a supplemental complaint, in which he set up that on the 6th day of March, 1922, a petition was presented to the common council of the city of *Milwaukee* praying for the annexation of certain territory therein described; that an ordinance was thereupon passed annexing said territory to the city of *Milwaukee*. The territory described in the petition of December 12, 1921, included a large part of the territory involved in this action, which territory was annexed pursuant to a petition filed September 4, 1923. The questions that the plaintiff sought to raise by the supplemental complaint are two. It appears that the first ordinance embraced 2.833 acres lying within the city of North Milwaukee. The entire area in that ordi-

nance included 159.227 acres. That although under the decision of this court in *Wauwatosa v. Milwaukee,* 180 Wis. 310, 192 N. W. 982, it was held that the city of *Milwaukee* was without power or authority to annex any part of another city, nevertheless the ordinance adopted pursuant to the prayer of the petition, filed December 12, 1921, was valid because it was separable in its provisions, none of the electors of the city of North Milwaukee having signed the petition and the inclusion of that part of the area lying within the city of North Milwaukee was not an inducement to the adoption of the ordinance; and second, that under the law a majority of the electors of the entire territory sought to be annexed was not sufficient, but that there must be a majority of electors in each part of the territory annexed lying within any other municipal subdivision; that in the proceeding under the petition dated September 4, 1923, there was not a majority of the resident electors within that part of the territory which it was proposed to annex lying within the town of Wauwatosa, and for that reason the proceedings were void. It was also urged that the words "real estate" as used in sec. 926—2, quoted above, include not only the land but also the buildings and other appurtenances, and that the petition must be signed by the owners of one half of the real estate according to value and not area. There was an answer to the supplemental complaint, the case was tried, and the court filed its findings of fact and conclusions of law. In the findings of fact, in addition to the matters already referred to, the court found that on December 5, 1922, the city of North Milwaukee, by its common council, authorized suit to be brought against the city of *Milwaukee* to set aside the annexation proceedings based upon the petition of December 12, 1921; that on May 28, 1923, subsequent to the decision in the case of the city of Wauwatosa against the city of *Milwaukee,* the common council of the city of *Milwaukee* passed an ordinance

repealing and rescinding the attempted annexation proceedings and the ordinance relating thereto based upon the petition of December 12, 1921, on the ground that, having included in the territory proposed to be annexed a part of the city of North Milwaukee, the proceedings were void *in toto;* that after the rescission and repeal of said attempted annexation proceedings the city of *Milwaukee* did not, during the year 1923, levy a tax in said territory and did not exercise any police or other jurisdiction over the same; that the town of Wauwatosa continued to exercise jurisdiction over its territory included in said annexation proceedings by levying and collecting a tax therein and doing public work on the streets therein during the years 1922, 1923, and 1924; that the plaintiff paid his taxes in these years to the town of Wauwatosa, and knew when the new petition of annexation was being circulated that the first annexation proceedings had been abandoned as illegal.

The court further found that the petition filed on September 4, 1923, included all of the territory described in the first petition except that portion thereof in the city of North Milwaukee, and also additional territory comprising altogether 224.8 acres of real estate; that the owners of 139.084 acres of real estate signed the petition; that there were 269 resident electors in the territory, of whom 194 signed the petition; and that on October 29, 1923, the common council of the city of *Milwaukee* passed an ordinance annexing the entire territory described in the petition dated September 4, 1923, to the city of *Milwaukee.*

The court concluded that the first attempted annexation was void *in toto;* that the second annexation proceedings were valid and the plaintiff was estopped from asserting the validity of the annexation ordinance passed March 6, 1922, and judgment was entered dismissing the plaintiff's complaint.

The first proposition made is that, only nine out of fifty-six electors in the town of Wauwatosa having signed the

petition, such petition cannot be made the basis of proceedings to detach territory from the town of Wauwatosa and change its boundary line, and it is argued that an elector is a person having a legal right to vote in a given precinct, town, village, or other subdivision designated by law as a unit for voting purposes, and that the domicile of such person determines his status under the law, and to hold that the law does not require a majority of the electors residing in the territory which it is proposed to detach from the town of Wauwatosa will result in an abridgment of the legal rights and privileges of such electors.

The meaning which the plaintiff gives to the term "elector" as used in sec. 926—2 is altogether too narrow and restricted. Had the legislature intended the result now contended for by the plaintiff, it would have used apt language to indicate that fact. It had in some way to classify the persons who were required to sign the petition. It did this by declaring that electors, living within the proposed territory, constituted the entire class, and of this class a majority must sign the petition. It made no reference to the fact that parts of the territory proposed to be annexed might lie within the boundaries of different municipalities. The argument made here by counsel is interesting and ingenious and one which should be addressed to the legislature and not to the court. The statute says that the petition shall be signed by one half of the electors within the limits of the territory proposed to be annexed. Language could not be plainer.

Upon the second proposition the language of the statute is equally conclusive. The rule that, if a part of an ordinance be void, another essential and connected part of the same ordinance is also void, is applicable here. The provisions of the first ordinance are not separable. It is one territory—one thing—to be annexed to the city of *Milwaukee,* and it cannot be said that the electors of the proposed territory would have signed if the boundaries of the proposed territory had not included the city of North Milwaukee, nor

that the common council of the city of *Milwaukee* would have passed the ordinance if such territory lying within the city of North Milwaukee had not been included. It is one territory that is being annexed, and not as many territories as there are municipal corporations from which territory is detached. The law was designed to enable a growing city to expand its boundaries, and in order to do that it is not required to wait upon the consent of other municipalities, but the inhabitants of contiguous territory may apply for admission to and be made a part of the city of *Milwaukee* without the consent of residents of the municipalities from which it is proposed to detach territory. The ordinance based upon the petition of March 6, 1922, was void, and its repeal, while proper enough, was, so far as its legal effect was concerned, not necessary.

The formation of boundaries of cities is a legislative matter, and the legislature may authorize such procedure as it deems wise so long as it does not meet with constitutional restraint. While we recognize the rule (2 Dillon, Mun. Corp. (5th ed.) p. 986, § 647) that, where invalid provisions are separable from an independent and valid provision of the ordinance, the valid provision of the ordinance will be sustained, it has no application in this case.

It was held in the former decision in this case that real estate meant real estate by area and not by value. Although it is the law of this case, we have reviewed the arguments made here and see no reason for changing our former conclusion. The general charter law, reference to which is made in sec. 926—2, applicable only to cities organized under a special charter, provides that a majority of electors and owners of at least one third of the taxable property must sign the petition, and where there are no resident electors the owners of at least one half of the taxable property must join in the petition. The proviso contained in sec. 926—2 could have been inserted for no other purpose than

to substitute for the word "value" the word "area." Such rule is laid down no doubt for the express purpose of preventing a large unit, such as a factory, from controlling the entire situation over a considerable amount of territory.

The argument is made that the legislative definition of the term "real estate" as found in sec. 4971, Stats., is controlling. The provision is as follows:

"In the construction of the statutes of this state the following rules shall be observed unless such construction would be inconsistent with the manifest intent of the legislature; that is to say: . . .

"(9) The word 'land' or 'lands,' and the words 'real estate' and 'real property' shall be construed to include lands, tenements and hereditaments and all rights thereto and interests therein."

This court at all times in proper cases defers to legislative authority, and attempts, as it is its duty to do, to give effect to all legislative enactments according to the intent of the legislature (*Attorney General v. Eau Claire*, 37 Wis. 400; *Estate of Spooner*, 172 Wis. 174, 177 N. W. 598); and there are many other cases of like import. However, in this case, taking the context and the history of the statute, it is clear that the legislature did not use the words "real estate" as including lands, tenements, and hereditaments.

In the enactment of sec. 926—2, hereinbefore set out, the legislature was substituting for the provisions of sec. 925—18 a different standard. Had they intended to substitute for the words "taxable property" the words "taxable real estate" they would most certainly have used the word "taxable" or some other word of like import. They intentionally omitted the word "taxable" and inserted the words "real estate," thus indicating a purpose to change the basis from one of value to one of area. The failure of the legislature to provide some means whereby value of the real estate involved should be ascertained is also a strong

reason for concluding that the legislature did not intend real estate by value. The provisions of sec. 925—18 furnish a method for the ascertainment of the value of the property affected. No such provision is made in sec. 926—2. In the absence of such a provision it would be necessary to establish the fair market value of the real estate. We think the legislature intended no such result; that in substituting for the words "taxable property according to the last tax roll" the words "real estate," they intended to omit any reference to value, thus making area the only basis upon which it can be ascertained whether or not one half of the real estate is represented by those signing the petition.

We do not find it necessary to discuss other questions raised.

*By the Court.*—Judgment affirmed.