### 16942

TOWN OF FOREST ACRES, Petitioner v. TOWN OF FOREST LAKE et al., Respondents

(85 S. E. (2d) 192)

*Messrs. Belser & Belser, Irvine F. Belser,* and *C. Hey-ward Belser,* of Columbia, *for Petitioner and Intervening Petitioners,*

*Chas. F. Cooper, Esq., for Town of Forest Lake, and Wallace A. Perry, as Intendant thereof, and Mutual Savings and Loan Company, Respondents,*

*Messrs. Cooper & Gary,* of Columbia, *for Respondent,*

December 15, 1954.

OXNER, Justice.

This action, brought by permission in the original jurisdiction of this Court, involves a second attempt to detach a portion of the town of Forest Acres and annex same to the adjacent town of Forest Lake. Both of these small municipalities are located in Richland County and there seems to be no end to the litigation between them.

In 1952, it was sought to annex to the town of Forest Lake an area consisting of a portion of the town of Forest Acres and some contiguous territory not within the corporate limits of any municipality. The question of said annexation was submitted both to the qualified electors of the town of Forest Lake and those of the area proposed to be annexed, and resulted favorably to annexation. In an action brought by the town of Forest Acres and others, we declared the purported annexation invalid because the question was not submitted to the voters of the town of Forest Acres as a whole. *Town of Forest Acres v. Seigler,* 224 S. C. 166,

77 S. E. (2d) 900, 906. We concluded that under the statutes of this state, a portion of one municipality may not be annexed to another without submitting the question of said detachment to the voters of the municipality, the area of which is to be reduced, as provided by Section 7232(1) of the 1942 Code, now Section 47-23 of the 1952 Code. Under this section, in order to reduce the corporate limits of a municipality, a petition asking for such reduction must be signed by a majority of the resident freeholders of said town, after which a majority of the qualified electors must vote in favor of releasing the territory involved. In other words, we held that it was the intention of the Legislature that the voters of the *entire* town should have a voice in determining the question of whether any portion of its area should be detached. We closed our opinion with the following statement: "It may be true that only in rare instances will the voters of a town or city agree to release a portion of its territory so as to permit annexation thereof to another municipality, but this is a matter for consideration by the legislature and not by the courts."

Following the foregoing decision, which was rendered on September 28, 1953, the General Assembly in March, 1954, 48 St. at L. 1494, passed an act, to be added to Section 47-19.2 of the 1952 Code, which is in part as follows:

"In all counties of this State having a city with a population in excess of eighty-five thousand according to the 1950 census, if the entire area proposed to be annexed to a municipality under this section belongs to a corporation, such area may be annexed on the petition of the corporation to the council of the municipality. If all or part of the area proposed to be annexed is in an incorporated municipality, which has no outstanding municipal bonds or contractual obligations which are, or will become, payable out of property taxes levied, or to be levied, against any property in the area proposed to be annexed, the annexation may be made as provided in this section, and the corporation owning the area proposed to be annexed may stipulate terms of

consolidation in its petition. Any such annexation under this section shall be complete and effective upon the grant and approval of the petition by'the council of the municipality being enlarged, and no election provided for under any other section of this article shall be required for any annexation under this act when the entire area proposed to be annexed belongs to a corporation only."

There then follows a proviso to the effect that before granting such petition, the council of the municipality being enlarged shall, after publishing a notice thereof, hold a public hearing upon the question of whether or not the petition for annexation shall be approved, and if within ten days thereafter, at least ten freehold electors of said municipality shall file a written petition requesting an election, the municipal authorities shall call an election on the question of said annexation at which a vote of the majority shall be controlling.

The foregoing act became effective upon its approval by the Governor on March 5, 1954. On the same day, on petition of the Forest Land Company, a corporation, the council of the town of Forest Lake, after notice published the previous day, purported, under the authority of said act, to annex a certain area within the town of Forest Acres owned by said corporation. On March 30, 1954, a further ordinance was passed wherein, after reciting that no objection had been expressed and no election requested on the question of annexation, the ordinance of March 5th was readopted and the area involved declared to be annexed to the town of Forest Lake, effective as of March 5, 1954. It appears that the area sought to be detached from the town of Forest Acres is substantially the same as that involved in the annexation proceedings which we declared invalid in *Town of Forest Acres v. Seigler, supra.*

Thereafter this action was brought by the town of Forest Acres for the purpose of having declared unconstitutional the 1954 act under which the purported annexation was made. It was further contended that even if the act is valid, the procedure followed was not in accord with its terms.

It is well settled that in the absence of constitutional limitations, the legislature has plenary power over municipalities, including the right to regulate the manner in which the boundaries of such governmental units may be extended or diminished. Unless forbidden by the organic law, the Legislature may authorize the annexation to one municipality· of all or part of another municipality adjacent to it and this may be done without the consent of the inhabitants of the territory annexed, or the municipality to which it is annexed. *Harrell v. City of Columbia,* 216 S. C. 346, 58 S. E. (2d) 91; *Town of Forest Acres v. Seigler, supra,* 224 S. C. 166, 77 S. E. (2d) 900. The town of Forest Acres concedes the soundness of the foregoing principles, but contends that under our Constitution such power can only be exercised by a general law. It is argued that the challenged act is legislation of the sort prohibited by Article 3, Section 34 of the Constitution in that it is a special law undertaking to amend and alter the charter of the town of Forest Acres and is a special law where a general law can be made applicable. It is further asserted that the act is obnoxious to Article 8, Section 1 of the Constitution in that certain municipalities are vested with powers and subject to restrictions unlike other municipal corporations of the same class.

By the express terms of the act in controversy, it applies only to counties containing a city with a population of over 85,000 according to the 1950 census. It is conceded that the only county in South Carolina having a city of that size is Richland County. Its county ·seat, which is also the capitol of the state, has a population, according to the 1950 census of 86,914. It also contains four other incorporated towns, which are much smaller. It is stated in the brief of the town of Forest Acres that of the five municipalities in Richland County, "only the town of, Forest Acres and perhaps the town of Forest Lake have" no outstanding bonds or contractual obligations of the character mentioned in the 1954 act.

The statutory law fixing the procedure for extending the corporate limits of municipalities is contained in Title 47, Chapter I, Article 2 of the 1952 Code. Among other requirements for such extensions is that a petition must first be submitted to the town council by a majority of the freeholders of the territory which it is proposed to annex, asking that an election be ordered on the question of annexation. An election is then held both within the corporate limits of the municipality and within the territory proposed to be annexed. A favorable vote in each area is required. The general law further provides—Section 47-19 of the 1952 Code—that "if the entire area proposed to be annexed belongs to a corporation only, it may be annexed on the petition of the stockholders of such corporation." Although this section authorizes a somewhat different procedure where the entire area proposed to be annexed belongs to a corporation, no part of a municipality may be detached and annexed to another without submitting the question of said detachment to the voters of the municipality being reduced in area. It was distinctly so held in *Town of Forest Acres v. Seigler, supra,* 224 S. C. 166, 77 S. E. (2d) 900. Under that decision, so far as the rights of qualified electors of the municipality being reduced to vote on the question of detachment of a part of its territory are concerned, it is immaterial whether the area to be eliminated from its corporate limits is owned wholly by a corporation or individually held.

It will thus be seen that the act in controversy constitutes a radical departure from the general law in that it authorizes the annexation to any municipality in Richland County of property owned by a corporation in another municipality without the consent of the qualified electors of the municipality being reduced. In all other counties in South Carolina, such detachment can only be made after a favorable vote by the qualified electors of the municipality proposed to be reduced in area.

Is there any rational basis for the foregoing distinction? We think not. It is argued that the purpose of this act was

to provide a simple and inexpensive method of "annexations of corporate properties to municipalities without the cost of elections, where the freeholders in the annexing municipality make no objection." Attention is called to the large expense involved in holding an election in a city having a population of more than 85,000, which under the general law would be necessary even though the area proposed to be annexed to such municipality was relatively small. But would not substantially the same expense be involved in holding an election in any other city in South Carolina having a population comparable to the City of Columbia? Moreover, the terms of the act are not only applicable to annexations to the City of Columbia but to the other four municipalities in Richland County, all of which are relatively small. In extending the corporate limits of one of these towns, is there any reason for adopting a method different from that applicable to other towns in South Carolina of similar size? Nothing peculiar to them has been called to our attention. It will be further noted that the act also dispenses with an election in the municipality being reduced in area. If there is a sound reason for not giving the inhabitants of the towns in Richland County a voice on the question of detachment, why should it not equally apply to other municipalities in South Carolina?

We cannot escape the conclusion that the classification attempted runs counter to the constitutional inhibition against special legislation. It is purely arbitrary. The fact that this legislation is expressed in general terms is not controlling. A law general in form, but special in its operation, violates a constitutional inhibition of special legislation as much as one special in form. The question "must be decided, not by the letter, but by the spirit and practical operation of the act." *Thomas v. Macklen,* 186 S. C. 290, 195 S. E. 539, 544.

The Court there quoted with approval the following from Section 220, Volume I, McQuillin on Municipal Corporations:

" 'Judicial decisions uniformly declare that the classification of cities and towns must be based on a rational difference of situation or condition found in the municipalities placed in the different classes (*Northwestern University v.* [*Village of*] *Wilmette,* 230 Ill. 80, 87, 82 N. E. 615) that the basis of classification must have some reasonable relation to the purposes and objects to be obtained by the legislation and in some rational degree account for the various provisions of the enactment'."

In *Thomas v. Macklen, supra,* the Court held unconstitutional an act providing for incorporation of "resort communities," which undertook to fix a method for the appointment of a town council wholly different from that provided under the general law. As further sustaining our conclusion that the act under review is special legislation of the sort prohibited by Section 34, Article 3 of the Constitution, see *Owens v. Smith,* 216 S. C. 382, 58 S. E. (2d) 332, where the Court held unconstitutional legislation authorizing commissioners of certain public service districts to promulgate and enforce zoning regulations.

The case of *Lancaster v. Town Council of Brookland,* 160 S. C. 150, 158 S. E. 233, is apposite. It involved the validity of the annexation of certain territory to the town of Brookland. The election was favorable to annexation, but it developed that the petition therefor was not signed by a majority of the freeholders within the area proposed to be annexed. An act was then passed ratifying and confirming said election notwithstanding the fact that the petition had not been signed by the requisite number of freeholders. The Court held that the General Assembly could not by a special act have authorized this annexation without compliance with the general law requiring presentation of a petition by a majority of the freeholders of the territory proposed to be annexed and, therefore, could not validate that which it could not have previously authorized. The validating act was held unconstitutional as violating Section 34, Article 3 of the Constitution.

Having concluded that this legislation is obnoxious to Article 3, Section 34 of the Constitution, we need not pass upon the further contention that it violates Article 8, Section 1. Since we have held the act unconstitutional, it is also unnecessary to pass upon petitioner's contention that respondents did not comply with the procedure set out therein.

We now turn to certain defenses raised in respondents' return. First, it is contended that "petitioners have suffered no legal damage as a result of the annexation complained of in their petition, and they are not proper plaintiffs entitled to maintain this action." The action was brought by the town of Forest Acres. Thereafter we allowed a freeholder and certain residents and electors of the town of Forest Acres to intervene and join in the petition. We think it is clear that petitioners are entitled to maintain an action to set aside and declare invalid a purported detachment of a portion of the town of Forest Acres without its consent and without the consent of the inhabitants of said municipality. Second, it is said that this action is barred by petitioners' failure to contest the annexation within the time required by Section 47-22 of the 1952 Code. It is there provided that no contest with reference to the extension of the corporate limits of a municipality shall be allowed unless within 60 days after the result has been published or declared, a notice of intention to contest said extension is given, nor unless within 90 days an action is commenced. We do not think this section is applicable.

The challenged act of 1954 is declared unconstitutional and the purported annexation is held to be invalid.

BAKER, C. J., and STUKES, TAYLOR and LEGGE, JJ., concur.