233 S.C. 161 (1958)
103 S.E.2d 923
Thomas E. ELLIOTT, d/b/a Elliott's on Devine, et al., Respondents.
17435
Supreme Court of South Carolina.
June 4, 1958.
*162 *163 E.E. Wolfe, Jr., Esq., of Columbia, for Appellants.
Messrs. Frank A. Graham, Jr., J. Monroe Fulmer and John W. Sholenberger, of Columbia, for Respondents.
June 4, 1958.
OXNER, Justice.
The question presented by this appeal is whether Act No. 190 of the 1957 Acts of the General Assembly, 50 St. at Large 204, is special legislation in contravention of Article III, section 34, Subdivision IX of the Constitution of this State. The case was referred to the Master of Richland *164 County who, after hearing the testimony offered by the parties, concluded that the statute was constitutional. His report was confirmed by the County Judge.
In brief, this statute makes it a criminal offense, punishable by fine or imprisonment, to use, sell or possess fireworks "in any county containing a municipality having a population of over sixty-five thousand inhabitants according to the last official United States census", and declares such property to be contraband subject to confiscation. Excluded from the terms of the act are "sparklers or toy cap pistols or toy pistol paper caps which contain not more than one-fifth grain of explosive mixture." It is conceded that at the present time only Charleston and Richland Counties come within the provisions of this legislation.
In 1947 the General Assembly passed a general statute regulating the use, possession and sale of fireworks, 45 St. at Large 151, which now constitutes Sections 66-551 to 66-557, inclusive, of the 1952 Code. This statute makes it a criminal offense to possess, use or sell any fireworks within the State of South Carolina but excludes "cap pistols and toy pistol paper caps which contain not more than one-fifth grains of explosive mixture, fireworks known as `sparklers' or firecrackers commonly known as `Chinese firecrackers,' which are defined as follows: being not over one-quarter inch outside diameter, not over 2 inches long and containing not over 4 grains of explosive composition."
Excepted in both statutes is the use of explosives for certain designated purposes not material to this controversy.
Article III, Section 34, Subdivision IX of our Constitution prohibits the enactment by the Legislature of a special law in cases where a general law can be made applicable. This provision has perhaps been the source of more litigation than any other section of the Constitution. We have about a hundred decisions in which legislative acts have been attacked as special legislation. Although this Court has not undertaken to lay down an inflexible rule for determining *165 whether this section of the Constitution has been violated, certain general principles have been found helpful.
All considerations involving the wisdom, policy, or expediency of an act are addressed exclusively to the General Assembly. We are only concerned with the power of that body to enact a law. Every presumption will be made in favor of the constitutionality of a legislative enactment. But when the unconstitutionality of an act is clear to this court, beyond a reasonable doubt, then it is its plain duty to say so. Thomas v. Macklen, 186 S.C. 290, 195 S.E. 539.
It is now definitely settled that while it is primarily for the Legislature to decide whether a general law can be made applicable in any specific case, the question is ultimately a judicial one. When an act is attacked as special legislation, the Court will give due consideration to the judgment of the Legislature and will not disturb its decision if there is any reasonable hypothesis upon which it can be predicated. Thomas v. Spartanburg Railway, Gas & Electric Co., 100 S.C. 478, 85 S.E. 50; Sansing v. Cherokec County Tourist Camp Board, 195 S.C. 7, 10 S.E. (2d) 157. The fact that legislation is expressed in general terms is not controlling. A law general in form, but special in its operation, violates a constitutional inhibition of special legislation as much as one special in form. The question must be decided not by the letter, but by the spirit and practical operation of the act. Town of Forest Acres v. Town of Forest Lake, 226 S.C. 349, 85 S.E. (2d) 192.
The mere fact that a statute contains classifications does not in itself make it special legislation. "The Legislature may classify, for the purpose of legislation, if some intrinsic reason exists why the law should operate upon some and not upon all, or should affect some differently from others, but this classification must be based upon differences which are either defined by the Constitution, or are natural or intrinsic, and which suggest a reason that may rationally be held to justify the diversity in the legislation. *166 It must not be arbitrary, for the mere purpose of classification. The class must be characterized by some substantial qualities or attributes, which render such legislation necessary or appropriate for the individuals of the class." Sirrine v. State, 132 S.C. 241, 128 S.E. 172, 175.
There may be a classification of counties provided it is based on a rational difference of situation or condition found in the counties placed in a different class. The basis of classification must have some reasonable relation to the purposes and objects to be attained by the legislation. Thomas v. Macklen, supra, 186 S.C. 290, 195 S.E. 539.
In State v. Ferri, 111 S.C. 219, 97 S.E. 512, the Court had under consideration an act prohibiting traffic in seed cotton or unpacked lint cotton within counties containing cities of 50,000 inhabitants or more, between August 1st and December 31st of any year. In support of this legislation, it was argued that the opportunities for the unlawful traffic in seed cotton were greater in counties having large cities because traffic in such counties could be carried on with more secrecy. The Court rejected this argument and held the act unconstitutional as special legislation because population had no natural or logical relation to its purpose.
We shall now consider the validity of the act before us in the light of the foregoing principles. In support of the claim that this legislation is justified by conditions peculiar to Charleston and Richland Counties, respondents offered testimony to the effect that there are large, densely settled, unincorporated areas around both Columbia and Charleston and that prior to the passage of this legislation, the county authorities were unable to control the use of fireworks and there had been numerous instances of personal injuries and property damage. But a reading of this testimony clearly shows that the same conditions exist throughout the State in all thickly settled areas. For instance, the Chief of Police of the City of Columbia testified in part as follows:
*167 "Q. I imagine the police chiefs of Greenville, Spartanburg and Anderson they have similar problems? A. We discussed it at length, we passed a resolution recommending such laws.
"Q. It is not only the same trouble in Columbia, it is a statewide problem? A. It is, definitely it is."

* * *
"Q. Don't you think it is a larger problem in the larger a city is? A. Definitely so. The more people the more fireworks you have."
The Court will take judicial notice of the location and population of a city or county as shown by the United States census. State v. Hammond, 66 S.C. 219, 44 S.E. 797. According to the 1950 census, the population of our larger counties was: Greenville  168,152; Charleston  164, 856; Spartanburg  150,349; Richland  142,565; Anderson  90,664; and the three largest cities in the State were Columbia  86,914; Charleston  70,174; Greenville  58,161. Judicial notice may also be taken of the fact that around all of our larger cities there are densely settled suburban areas.
If, as respondents contend, the Legislature intended to remedy a condition peculiar to large, congested, unincorporated areas, no good reason appears why the act should not have been extended to similar areas in other sections of the State. Moreover, the act is not confined to such areas around Columbia and Charleston but extends to the rural sections of both counties. Clearly there is no difference between conditions in the rural areas of Charleston and Richland Counties and those existing in the adjoining counties. As stated in State v. Hammond, supra, 66 S.C. 219, 44 S.E. 797, 800: "If it be said that conditions in the included counties are peculiar, and seem to call for penal legislation of the kind mentioned, still a general law could be made applicable to the whole state, so as to operate wherever such conditions exist, and whenever similar or like conduct takes place."
*168 It is of interest to note that in 1954 the General Assembly prohibited, except during certain periods of the year, the use of fireworks along designated areas of the beach in Horry County. Sections 66-561 and 66-565 of the 1957 Code Supplement.
The danger of the use of fireworks, except perhaps those with a minimum amount of explosive content, is well known and was recognized by the General Assembly in the passage of the general act of 1947. Other than the power of confiscation, the only material difference between that act and the one now under consideration is the amount of explosive permitted. The 1947 Act allows the use of "Chinese firecrackers." If there is need for further restriction, it exists throughout the State and not just in Charleston and Richland Counties. The Legislature has already demonstrated that a general law could be made applicable to the subject by passage of the 1947 act.
It is finally contended by respondents that the 1957 act can be sustained as a special provision in the general law, as permitted by Article III, Section 34, Subdivision X of the Constitution. But as pointed out in Gillespie v. Pickens County, 197 S.C. 217, 14 S.E. (2d) 900, 904, "this cannot be construed so as to nullify the constitutional purpose to secure general laws having uniform operation throughout the State, except in those cases where there is some logical basis and sound reason for special legislation."
The order of the Court below is reversed; Act No. 190 of the 1957 Acts of the General Assembly is declared unconstitutional; and respondents are permanently enjoined from enforcing same.
STUKES, C.J., and TAYLOR, LEGGE and MOSS, JJ., concur.