18854

UNITED STATES FIDELITY & GUARANTY CO., Respondent, v. The CITY OF COLUMBIA, and G. C. Robinett as Treasurer of said City, Appellants. GLENS FALLS INSURANCE COMPANY, Respondent, v. The CITY OF COLUMBIA, S. C., G. C. Robinett as Treasurer of the City of Columbia and E. R. Paulk as City License Inspector of the City of Columbia, Appellants. AETNA CASUALTY & SURETY COMPANY, Respondent, v. CITY OF COLUMBIA, Appellant. The SOUTH CAROLINA INSURANCE COMPANY, Respondent, v. The CITY OF COLUMBIA, S. C., G. C. Robinett as Treasurer and E. R. Paulk as City License Inspector of the City of Columbia, Appellants.

(165 S. E. (2d) 272)

56

*i*

*Messrs. John W. Sholenberger and Roy D. Bates* of Columbia, *for Appellants,*

*Messrs. Bernard Manning,* of Columbia *for Respondent, United States Fidelity & Guaranty Company, Herbert, Dial & Windham, for Respondent, Glens Falls Insurance Co., McKay, McKay Black & Walker,* of Columbia, *for Respondent; Aetna Casualty & Surety Co. and Robinson, McFadden & Moore,* of Columbia, *for Respondent, The South Carolina Ins. Co.,*

*Messrs. John W. Sholenberger* and *Roy D. Bates,* of Columbia, *for Appellants, in Reply,*

January 6, 1969.

LITTLEJOHN, Justice.

The appeal concerns actions brought by the four named insurance companies for refunds of amounts paid under protest as business license fees to the defendant, City of Columbia.

Prior to 1965, Section 47-407 of the South Carolina Code limited the business and professional license tax

which the City of Columbia and all other cities with more than 70,000 inhabitants could exact. License fees in cities with a population in excess of 70,000 persons could not exceed $2500.

The South Carolina General Assembly amended Section 47-407 in 1965, to exclude cities with a population in excess of 90,000 persons. The single effect of this amendment was to allow the City of Columbia to remove the maximum limitation theretofore existing on the business and professional license fees charged by the city. Admittedly the only city in South Carolina having more than 90,000 inhabitants according to the latest United States census was Columbia.

In response to this amendment the City of Columbia in 1966 enacted an ordinance which contained no maximum limitation on the license tax of 2% of gross premiums imposed on casualty and fire insurers.

Based on 2% of gross premiums the license fees required of the plaintiffs-respondents herein under the 1966 ordinance were as follows: Glens Falls Insurance Company, $9,355.74 on premiums of $466,787.00; South Carolina Insurance Company, $7,085.96 on premiums of $354,298.00; Aetna Casualty and Surety Company, $7,149.54 on premiums of $305,084.00; United States Fidelity & Guaranty, $12,206.18 on premiums of $610,308.00.

The plaintiffs paid the amounts required under protest and initiated the present actions for a refund of the amounts over $2,500. By consent the suits were consolidated for trial and referred to the Master for Richland County.

The principal contentions of the plaintiff insurance companies both below and in this court are (1) the 1965 amendment to Section 47-407 is unconstitutional under the State Constitution because it is special legislation where a general law can be made applicable; (2) the 1965 amendment to Section 47-407 is unconstitutional under both the State and the United States Constitutions because the classifica-

tion in the statute is arbitrary and violative of the guarantees of due process and equal protection of the law; (3) the 1966 Business and Professional License Ordinance of the City of Columbia is unconstitutional under both the State and the United States Constitutions because it unreasonably discriminates against fire and casualty insurers thereby constituting a denial of equal protection of the laws; and (4) the 1966 Business and Professional License Ordinance of the City of Columbia is invalid in that it attempts to tax premiums on risks physically located outside the city if the premiums were collected through insurance agents or offices located in the city.

The Master made findings of fact and conclusions of law favorable to the plaintiffs on all of the questions enumerated above and recommended that the court require refund to the plaintiffs of all amounts paid as license fees in excess of $2,500 as prayed for in the respective complaints. He concluded *inter alia* that the 1965 amendment to Section 47-407 which removed the $2,500 ceiling for the City of Columbia alone is special legislation in violation of Article III, Section 34, Subsection IX, of the State Constitution and that the $2,500 limit imposed by Section 47-407 (without the amendment) therefore applies to the Columbia ordinance.

The Circuit Judge confirmed the Master's Report in all respects, and the City of Columbia appeals raising six questions. Under the view we take of the matter, however, we need dispose of only one issue, to-wit: Is the 1965 amendment to Section 47-407 special legislation in violation of the Constitution of South Carolina?

Article III, Section 34 of the Constitution of South Carolina prohibits the enactment by the General Assembly of local or special laws for several enumerated purposes. Subsection IX provides that in addition to the purposes enumerated in the first eight subsections no special law shall be enacted in any case where a general law can be made applicable.

There is no contention in this case that a general law cannot be made applicable. The argument in this case concerns whether the 1965 amendment to Section 47-407, obviously general in form in that it excludes all cities having in excess of 90,000 population, is in fact special legislation.

The fact that a law is general in form is not controlling. "A law general in form, but special in its operation, violates a constitutional inhibition of special legislation as much as one special in form." *Town of Forest Acres v. Town of Forest Lake,* 226 S. C. 349, 357, 85 S. E. (2d) 192, 195 (1954).

It is also clear that the legislature cannot escape the constitutional proscription of special legislation by creating an arbitrary classification. The classification must bear some reasonable relation to the object sought to be obtained by the law. *Thomas v. Macklin,* 186 S. C. 290, 195 S. E. 539 (1938). Classification of counties in a law regulating the use, possession and sale of fireworks must bear some relation to the problem of regulating the use, possession and sale of fireworks. There must be some rational basis for handling the problem of regulating fireworks differently in counties in different classes. *Elliott v. Sligh,* 233 S. C. 161, 103 S. E. (2d) 923 (1958). Similarly, the classification of counties in an act relating to annexation by municipal corporations must be based on rational distinction between counties for purposes of annexation by municipalities therein. *Town of Forest Acres v. Town of Forest Lake, supra.*

The 1965 amendment to Section 47-407 added the words "and under ninety" so that the part of the section affected by the amendment was amended to read as follows:

"Cities of over seventy *and under ninety* thousand inhabitants, according to the latest official United States census, may require the payment of such sum of money, not exceeding twenty-five hundred dollars, for a license as in their judgment may be just and wise by any person or corporation

engaged, or intending to engage, in any calling, business or profession, in whole or in part, within the limits of such cities, except those engaged in the calling or profession of teachers and ministers of the gospel." (Emphasis added)

The statutory framework for the collection by cities of license taxes also includes Sections 47-271 and 47-173. Section 47-173 provides for the assessment of business license taxes by towns having a population of under 1000 inhabitants, and Section 47-271 is a general grant of authority for all cities of over 1000 population without any maximum limitations of amount or further classfications of cities. The 1965 amendment to 47-407 has the effect of classifying cities with more than 90,000 inhabitants along with cities having less than 70,000 inhabitants, both groups to be subject only to Section 47-271 which makes no distinction between the two.

The classification as it stood before the 1965 amendment to Section 47-407 was held to be constitutional in *Glens Falls Insurance Company v. City of Columbia,* 242 S. C. 237, 130 S. E. (2d) 573 (1963). Expressly limiting the judicial inquiry to whether the classification on the basis of population bears any reasonable relation to the subject to which the legislature applied it, this court said:

"The classification in Section 47-407 is based upon population which may reasonably affect the amount of the income of the business and thereby the amount of the license tax. Certainly it cannot be said that density of population has no reasonable relation to the fixing of license taxes.

"In fixing a limitation in Section 47-407 on the amount of the license tax which might be imposed thereunder, it is a reasonable assumption that the Legislature had in mind prohibiting the imposition of an unreasonable or unconscionable tax. Since the assessment of the tax was graduated as to income, the payment of an unreasonable license tax in cities of smaller population was no doubt considered unlikely. This could have been reasonably considered a suffi-

cient safeguard against the imposition of an unreasonable license tax. As stated in the order of the Circuit Court: 'Doubtless the Legislature realizes that a city in its search for revenue might be inclined to require the payment of an unreasonable or unconscionable license tax and hence placed the restriction contained in Section 47-407 on the larger cities because no such figure would probably ever be reached in the smaller towns.' The exact line of demarcation between the classification of cities to effect such result was a matter within the discretion of the Legislature." Id. at 245, 130 S. E. (2d) at 577.

We can conceive of no reason, however, for putting cities with over 90,000 population in a different class from cities with between 70,000 and 90,000 population and thereby imposing a maximum license fee limitation only on cities in the latter class. Certainly there is nothing in the mere fact that a city has over 90,000 people that makes that city's licensing practices less in need of legislative limitation than those of a city with between 70,000 and 90,000 population.

The 1965 amendment to Section 47-407 sets up completely arbitrary classification and as such is in violation of Article III, Section 34, Subsection IX of the State Constitution. The effect of this holding is to leave the statute in force as it existed prior to the adoption of the amendment *(State ex rel. Thornton v. Wannamaker,* 248 S. C. 421, 150 S. E. (2d) 607 (1966)), and the City of Columbia is accordingly prohibited from charging these plaintiffs business license fees in excess of $2500.

Counsel for the City of Columbia concede in oral argument that if this court affirms the decision of the circuit judge in holding that the 1965 amendment to Section 47-407 is special legislation, the court need not reach the other questions posed.

Concluding, therefore, that the plaintiffs are entitled to refunds which they seek of the amounts paid above $2500, it is not necessary to rule on the other issues raised.

Affirmed.

Moss, C. J., and Lewis, Bussey and Brailsford, JJ., concur.