## 10026

### FAUST v. BONNETT.

#### (96 S. E. 489.)

1. LANDLORD AND TENANT — LANDLORD'S LIEN — WHO MAY ISSUE WARRANT.—Clerk of Court may issue warrants to enforce agricultural liens in all cases, under Civ. Code 1912, secs. 4162, 4166, though sec. 4167 authorizes a magistrate to do so where the amount does not exceed $100, and provides that "this section shall be construed to prevent clerks of Courts from issuing warrants * * * in all cases;" the omission of the word "not" from sec. 4167 being a typographical error.

2. LANDLORD AND TENANT—LANDLORD'S LIEN—AFFIDAVIT—SUFFICIENCY.—An affidavit, that a tenant was gathering the crop and putting it out of sight and forbidding the landlord from entering upon the premises and told the landlord that he was going to leave the premises, was not made on information and belief, and warranted the clerk of Court in issuing the warrant in a proceeding to foreclose a landlord's lien, under Civ. Code 1912, sec. 4168.

Before MEMMINGER, J., Aiken, —— term. Affirmed.

Action by O. R. Faust against J. P. Bonnett. Judgment for plaintiff. and defendant appeals.

*Mr. Jno. F. Williams,* for appellant, submits : *The clerk of Court had no authority to issue the warrant of seizure:* Code 1912, vol. I, sec. 4166; 101 S. C. 48; 96 S. C. 313; 96 S. C. 488; 13 S. C. 46.    *The affidavit whereon the warrant was issued is fatally defective:* 24 S. C. 119; 24 Cyc. 1393; 28 S. C. 209, and cases cited therein; Code 1912, vol. I, sec. 4169; Code of 1912, vol. I, sec. 4168.    *The tenant was entitled to the possession of the land even against the landlord:* R. C. L., vol. XVI, pp. 540, 588 and 620.    *The hearing of the motion was made in time:* 46 S. C. 517.

· *Messrs. Sawyer & Giles,* for respondent.

July 17, 1918.

The opinion of the Court was delivered by Mr. JUSTICE FRASER.

This case originated in a proceeding to foreclose a landlord's lien for rent and advances.    The clerk issued the warrant.    A motion was made to set aside the warrant on the ground that the clerk was not authorized by statute to issue the warrant, and on the further ground that the statements in the petition were made only on information and belief, without stating the sources of information or the facts upon which the belief was based. The motion to set aside the warrant was refused, and this appeal involves both questions.    Section 4162 of the Code 1912 provides a lien for the landlord for rents and advances and provides that these liens shall be enforced as other liens for advances.    Section 4166 empowers the clerk to issue the warrant to foreclose a lien for advances.    Section 4167 authorizes the magistrate to issue the warrant where the amount does not exceed one hundred dollars.    This section, however, contains this provision :

"This section shall be construed to prevent clerks of Court from issuing warrants to enforce agricultural liens in all cases, as in this article provided."

This section, before its promulgation in the Code of 1912, contains the word "not," and reads: "This section shall not be construed," etc.   It·is manifest, upon reading the Code, taking the sections before and after section 4167, that the omission of the word "not" is purely a typographical error. Section 4168 provides for the requisites of the affidavit upon which the officers may issue the warrant.   Taking, therefore, as true the rule that the latter clause of a statute, being the last expression of the legislative will, will repeal a former inconsistent provision, still the provisions of section 4168 recognize the right of the officers to issue the warrant and prevents the repeal.   On reading all the sections, it is manifest that the legislative intent was to provide that the clerk should have concurrent jurisdiction with the magistrate where the amount was less than one hundred dollars.

This exception cannot be sustained.

2.  A careful reading of the affidavit will show that it was not issued solely on information and belief without a statement as to the source of information.   "That the said J. P. Bonnett has been and is now gathering said crops and secreting the same, or has made way with the same in some manner unknown to this deponent, as he has been unable to see any of the said crops after they were gathered, and the said Bonnett has forbidden this deponent to come upon the premises."   "That the said J. P. Bonnett declared to this deponent that he intended to violate the lease and leave the premises."   The tenant gathers the crop, puts it out of sight, and forbids the landlord to enter upon the premises, and tells the landlord he is going to leave the premises.   These statements are not made on information and belief, except the information derived from the tenant himself.   The exception that raises this question cannot be sustained.

The judgment is affirmed.