18824

Joel K. JONES, Admr., of the estate of Joe Jones, Appellant, v. SOUTHERN FARM BUREAU CASUALTY COMPANY, Respondent.

(163 S. E. (2d) 306)

*Messrs. Saleeby, Saleeby & Herring,* of Hartsville, *for Appellant,*

*Messrs. Weinberg & Weinberg,* of Sumter, *for Respondent,*

September 9, 1968.

LITTLEJOHN, Justice.

Plaintiff appeals this action to this court, challenging the correctness of the ruling of Honorable W. T. McGowan, Jr., Judge of the Civil Court of Florence.

The facts and issues are properly stated in the order. The law applied and the conclusions reached by the trial judge below properly dispose of all issues.

Let the order of Judge McGowan be printed as a part of this opinion and serve as the directive of this court.

In the third from the last paragraph of such order the Judge inserted the year 1963, which is the year of the amendment to the Uninsured Motorist Act; this is an obvious inadvertence and in the reproduction of the order the same shall be changed to 1959, which is the year the Uninsured Motorist Act law was first enacted.

Affirmed.

Moss, C. J., and LEWIS and BRAILSFORD, JJ., concur.

BUSSEY, J., dissents.

The order of Judge McGowan follows:

This case was tried before the Court without a jury. The facts are not in dispute. Plaintiff's intestate died as a result of injuries arising out of an automobile and truck collision occurring in Florence County on September 22nd, 1964. The Plaintiff's intestate was operating his own automobile and had in effect an automobile liability insurance policy with the Defendant. The other vehicle was a truck owned by the County of Florence, a political subdivision of the State of South Carolina. Subsequent to the death of Plaintiff's intestate, the County of Florence paid, in consideration for a Covenant Not to Sue executed by the Plaintiff herein, the Estate of Dewey Jones, Four Thousand ($4,000.00) Dollars, which sum represents the statutory limits of the liability of a county in the State of South Carolina for a claim for personal injury or death arising out of an accident such as that which caused the death of Plaintiff's intestate.

No settlement or payment has been made by or on behalf of Levern Marlowe, the driver of the county vehicle, and it is alleged in the Complaint that a claim is now pending

against him as a result of the death of Plaintiff's intestate. Florence County did not have in effect any liability insurance on its truck which was being operated by the said Levern Marlowe. Plaintiff's contention is that the truck being operated by Levern Marlowe was an uninsured vehicle as described by Section 46-702(16) and Section 46-750.31(3) of the South Carolina Code of Laws, 1962, as amended. The Complaint seeks relief in the form of a judgment declaring the Defendant obligated to undertake the defense of Levern Marlowe in any litigation arising out of the collision causing the death of Plaintiff's intestate and to answer judgment which might be entered against him up to the sum of Ten Thousand ($10,000.00) Dollars.

It is admitted that the policy of insurance which was carried by Plaintiff's intestate with the Defendant contained the following exclusion:

That the term "uninsured automobile" shall not include "an automobile which is owned by the United States of America, Canada, a State, a political sub-division of such Government, or any agency of any of the foregoing."

It is clear that this exclusion was included in this policy in reliance upon the provisions of Section 46-704 of the South Carolina Code of Laws, 1962, which is one of the Sections of Article I of the Motor Vehicle Safety Responsibility Act. This Section was included in this Act when it was originally enacted in 1952 and the pertinent portion reads as follows:

"This Chapter shall not apply with respect to any motor vehicle owned by the United States, this State or any political sub-division of this State or any municipality therein."

The principal contention of the Plaintiff is that the foregoing statutory exclusion applied to the provisions contained in the Act as it was enacted in 1952. Those provisions of the Act which provide protection against operators of uninsured motor vehicles were not enacted until 1959. The Section of this enactment which defines the term "uninsured motor

vehicles" does not contain or refer to the exclusions contained in Section 46-704 of the Act. On this basis, Plaintiff urges that these statutory exclusions do not apply to the more recent legislation providing for uninsured motorists' protection.

It is my conclusion that the provisions of Section 46-704 apply to all the provisions contained in the entire *Motor Vehicle Safety Responsibility Act*, which provisions constitute Chapter 8 of Title 46 of the 1962 Code, as amended. This is clear from the wording of the Section itself. The title of the Section states: "Chapter Inapplicable to Certain Motor Vehicles." The text of the Section begins with the following: "This Chapter shall not apply with respect to any motor vehicle owned by" the designated political entities.

Having concluded that the *Motor Vehicle Safety Responsibility Act* contains no requirement that a policy of automobile liability insurance issued in this State contain protection as to injury or damage caused by the operator of a motor vehicle owned by the County of Florence, a political sub-division of this State, the Complaint in this action must be dismissed, and it is so ordered.

BUSSEY, Justice (dissenting) : The question on appeal in the instant case is whether a truck belonging to Florence County was an "uninsured motor vehicle" within the meaning and intent of Code Sections 46-750.31 and 46-750.33, contained in the supplement to the 1962 Code of Laws of South Carolina. Being of the view that well settled rules of statutory construction, previously approved and applied by this court, require a holding that the said truck was such an "uninsured motor vehicle", I am compelled to dissent.

Briefly stated, the facts are as follows. Plaintiff's intestate was insured with the defendant-respondent, his policy containing, as a matter of law, the required uninsured motorist endorsement. He came to his death while driving his insured automobile which was in collision with a truck owned

by Florence County and operated at the time by one Levern Marlowe, an indigent prisoner. Florence County has no liability insurance on the truck and plaintiff executed a covenant not to sue the County in consideration of the payment by the County of the limit of its statutory liability, to wit: $4,000.00. This action was instituted to determine the liability of the defendant under its uninsured motorist coverage. The case was tried before the court without a jury. The only issue actually decided by the court was that the truck was not an "uninsured motor vehicle" within the meaning and intent of the pertinent statutes, and plaintiff has appealed.

The uninsured motorist endorsement issued by the respondent was required by Sec. 46-750.33. That section and Sec. 46-750.31 are contained in Article 5, Chapter 8, Title 46, in the supplement to the 1962 Code. Expressly for the purposes of said Article 5, the term "uninsured motor vehicle" is defined in Sec. 46-750.31, *inter alia,* as one as to which "(a) there is no bodily injury liability insurance and property damage liability insurance both in the amounts specified in Sec. 46-750.32, as amended from time to time, * * *".

Under the plain, clear and unequivocal language of the section just quoted from, the truck of Florence County was an "uninsured motor vehicle". Nowhere in the said section or elsewhere in Article 5 is there any language which would except the truck and make it other than an uninsured motor vehicle. The contention of the respondent, in accord with the holding of the court below, that the truck was not an "uninsured motor vehicle" rests solely on Code Sec. 46-704, which reads as follows:

"This chapter shall not apply with respect to any motor vehicle owned by the United States, this State or any political subdivision of this State or any municipality therein, * * *."

The quoted section is codified in Article 1, Chapter 8, Title 46, the same chapter in which the Code Sections hereinabove mentioned are codified in Article 5.

Since the several sections under discussion are codified in the same chapter, there would appear to be, *prima facie,* a conflict between the provisions of Sec. 46-704 and Sec. 46-750.31, giving rise to a very real ambiguity and grave doubt as to the intention of the legislature, thus requiring resort to the original acts from whence these Code provisions came, in order to ascertain the true legislative intent.

"In case of doubt and uncertainty as to the meaning of a provision of a code or of compiled or revised statutes, resort in ascertaining its true meaning may properly be had to the act from which the provision was derived, and to the evils of the common law intended to be remedied thereby." 50 Am. Jur. 464, Statutes, Sec. 446.

The foregoing principle has been recognized and applied by this court in numerous instances. A rather full discussion of such and other pertinent principles of code and statutory construction is found in *State v. Conally,* 227 S. C. 507, 88 S. E. (2d) 591; see also *Town of Forest Acres v. Seigler,* 224 S. C. 166, 77 S. E. (2d) 900; *Independence Ins. Co. v. Independent Life and Accident Ins. Co.,* 218 S. C. 22, 61 S. E. (2d) 399; *Faust v. Bonnett,* 110 S. C. 435, 96 S. E. 489, and *Palmetto Lumber Co. v. Southern Ry.,* 154 S. C. 129, 151 S. E. 279, the last cited case being much in point in view of the legislative history of the Code Sections here involved, which will hereafter be recited.

Section 46-704 was originally Section 33 of "The Motor Vehicle Safety Responsibility Act", Act No. 723 of the 1952 Acts of the General Assembly. As originally enacted, said section contained the language, "This act shall not apply * * *", rather than "This chapter shall not apply * * *", the word "act" having been changed to the word "chapter" upon codification of the original act in the 1962 Code.

The statutory provisions which are now Code Sections 46-750.31 and 46-750.33 originated with Section 11 of Act No. 311 of the Acts of 1959, at which time what is now Section 46-704 had not been officially codified and said sec-

tion at that time contained the word "act", rather than the word "chapter". The 1959 Act amended several sections of the 1952 Act, amended a somewhat unrelated Section 46-333 of the 1952 Code, and enacted the basic provisions which now constitute the uninsured motorist law of South Carolina. Section 11 of the 1959 Act, from whence sprang the present Code Sections 46-750.31 *et seq.,* was an amendment of Section 21 of the 1952 Act. The uninsured motorist provisions, first enacted in 1959 and subsequently amended, and the Act of 1952, have in common the purpose of protecting members of the traveling public against tortious injuries by financially irresponsible motorists, but the approaches of the two acts toward this common purpose are clearly distinct. The 1952 Act sought to achieve at least a degree of financial responsibility on the part of the tort feasors and it was, of course, quite logical that the legislature would exempt from the operation of the act certain publicly owned vehicles, since the public entities were certainly generally financially responsible and their respective liabilities fixed and limited by statute.

The purpose and approach of the South Carolina uninsured motorist law was to provide protection against the peril of injury by an uninsured motorist to an insured motorist, his family, and the permissive users of his vehicle, through the carrier for the insured motorist. *Gunnels v. American Liberty Ins. Co.,* filed June 4, 1968, and cases therein cited. We have held that this latter act is remedial in nature and is entitled to a liberal construction to effectuate the purpose thereof. At the time of the adoption of the 1959 Act, I think there was no conflict between Sec. 11 of said Act, providing for uninsured motorist coverage, and Sec. 33 of the 1952 Act which then contained the word "act" rather than the word "chapter", but, if there was any conflict or inconsistency between the sections as they then stood, it is completely resolved, I think, in favor of the 1959 Act, Sec. 18 of which reads as follows:

"All acts or parts of acts inconsistent herewith are repealed."

It is well established that the last act of the legislature is the law and has the effect of repealing all prior inconsistent laws. See cases collected in West's South Carolina Digest, Statutes 159.

The several statutory provisions which now compose the uninsured motorist law of South Carolina, only some of which are presently codified under Chapter 8, Title 46 under the heading "Motor Vehicle Safety Responsibility Act", have been twice amended. Act No. 803 of the 1960 Acts, and Act No. 312 of the 1963 Acts. I find nothing however, in any of the amendments, or the codification of the several acts under consideration, which would evince an intent on the part of the legislature to totally exempt the respondent here from liability under its required uninsured motorist coverage, because the responsible motor vehicle, which had no insurance, happened to belong to the County of Florence.

The conclusion which I have reached as to the intention of the legislature is fortified by the fact that the term "uninsured motor vehicle" is separately and differently defined, obviously for different purposes, in several places. We had occasion in the recent case of *Pacific Ins. Co. of N. Y. v. Fireman's Fund Ins. Co.*, 247 S. C. 282, 147 S. E. (2d) 273, to refer to some confusion which followed the inclusion in the 1959 Act of provisions relating only to matters dealt with in the Act of 1952 and other provisions which were not so limited, and the codification thereof, as well as the apparent effort of the legislature to allay some of the confusion by Act No. 312 of the Acts of 1963.

Section 1(3) of the 1963 Act, codified as Sec. 46-135, defines the term "uninsured motor vehicle" for the purposes of the statutory provisions relating to the registration by the Highway Department of such vehicles, the definition therein contained being somewhat different from the definition of the term "uninsured motor vehicle" contained in Sec. 46-750.31.

Section 5 of the 1963 Act (now codified in the Code Supplement as Sec. 46-702(16)) defines an "uninsured motor

vehicle" for certain purposes, other than the purpose of the required uninsured motorist endorsement, in the following language:

"(16). 'Uninsured motor vehicle': Except in Article 5 of this chapter, any motor vehicle which is not an insured motor vehicle as defined in item 3 of this section."

The differently stated statutory definitions of the term "uninsured motor vehicle" for different purposes and the language used, particularly in the last quoted section, would, I think, clearly indicate an intent on the part of the legislature to keep the definition of the term, contained in Article 5, Sec. 46-750.31, completely separate and of literal force and effect, uninfluenced by other statutory provisions. Under the clear and unambiguous language of that definition, enacted expressly for the purpose of determining what constitutes an "uninsured motor vehicle" within the coverage of the required uninsured motorist endorsement, the truck owned by Florence County was an "uninsured motor vehicle".

In the light of the history and purposes of the several statutes under consideration, the change of the word "act" to "chapter" in the codification of what is now Sec. 46-704, is of no significance under well settled principles of law. In *Palmetto Lumber Co. v. Southern Ry.*, 151 S. E. 279, *supra,* the change by the codifier of the word "act", to the word "article" and the use by the codifier of the word "chapter", when manifestly the word "article" or "section" should have been used, were held to be of no effect. See also, *State v. Conally,* 88 S. E. (2d) 591, 596, *supra;* 50 Am. Jur. 465, Statutes, Sec. 447.

The trial court having concluded that the truck was not an uninsured motor vehicle, found it unnecessary to pass upon what effect the payment by the County of Florence had upon the respondent's liability, or the extent thereof, in view of its right of subrogation under Sec. 46-750.36, 1962 Code Supplement. Such issue not having been passed upon

by the trial court, it is accordingly not before us for decision.

I would reverse the judgment of the lower court and remand the case for a new trial.