This case involves a certified question from the United States Court of Appeals for the Eleventh Circuit.
The facts, as stipulated to by the parties and adopted by the Eleventh Circuit, are as follows:
 "On February 24, 1982, while engaged in the performance of his duties as Sergeant in the United States Army at Fort Rucker, Alabama, defendant David A. Baldwin was seriously injured when a government vehicle operated by David L. White, a civilian employee of the United States government, collided with Baldwin's motorcycle. All parties to this litigation concede that the accident was caused by White's negligence and acknowledge that, pursuant to the Federal Tort Claims Act, 28 U.S.C.A. § 1346, as interpreted in Feres v. United States, 340 U.S. 135 [71 S.Ct. 153, 95 L.Ed.152] (1950), the defendants, David A. Baldwin and his wife, Denise Baldwin, cannot recover from either the United States of *Page 1231 
America or its employee-agent, Mr. White.
 "The Baldwins have three vehicles insured with the plaintiff, State Farm Mutual Automobile Insurance company (`State Farm'). Each vehicle has uninsured motorist coverage in the amount of $10,000. The Baldwins have demanded of State Farm uninsured motorist coverage totaling $30,000.
 "The contract clause concerning uninsured motorist coverage in the Baldwins' insurance policy with State Farm provides: `[State Farm] will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle. The bodily injury must be caused by accident arising out of the operation, maintenance or use of an uninsured motor vehicle.' This clause is apparently patterned after language in the Alabama Uninsured Motorist Act. Section 32-7-23 of this act requires insurers to offer their customers a certain amount of coverage for damages caused by the actions of uninsured vehicle owners and operators. The section states in relevant part:
 `No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this State with respect to any motor vehicle registered or principally garaged in this State unless coverage is provided therein or supplemental thereto . . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, that the named insured shall have the right to reject such coverage. * * *'
Code 1975, § 32-7-23 [emphasis added in the parties' stipulation].
 "State Farm brought suit in federal district court seeking a declaratory judgment that the Baldwins are not legally entitled under the statute to recover damages since governmental immunity prevented them from maintaining an action against the United States or Mr. White. The United States District Court for the Middle District of Alabama concluded that, although principles of governmental immunity protected the United States and Mr. White from suit, these principles did not preclude the court from considering Mr. White `legally liable' in construing the contract between State Farm and the Baldwins. The district court held that the Baldwins are `legally entitled to recover' from State Farm under the uninsured motorist provision of their insurance policy."
State Farm appealed to the Court of Appeals for the Eleventh Circuit, which found, as follows:
 "The question of law involved in this appeal appears to be one that this Court may review independently. See Underwood v. Hunter, 730 F.2d 614, 617 n. 6 (11th Cir. 1984). However, Alabama law controls, and a review of the decisions of the Alabama courts reveals that no clear, controlling precedent exists."
Consequently, the Eleventh Circuit stayed further proceedings in the appeal and certified the following question for determination by this Court:
 "[W]hether an insured, who is precluded because of governmental immunity from suing the owner or negligent operator of an uninsured motor vehicle, is nevertheless `legally entitled to recover damages' under the Alabama Uninsured Motorist Act, Ala. Code, § 32-7-23 (1975), thus making operative the insurer's obligation to compensate the insured according to the insurance policy's uninsured motorist coverage, coverage that the State of Alabama, by statute, requires the insurer to offer."
This appears to be a case of first impression not only in Alabama but in the entire country. Both parties have cited authority from this and other jurisdictions generally *Page 1232 
dealing with the interpretation of uninsured motorist provisions similar to the one before us, but all of those cases are distinguishable, factually or otherwise, from the present case. Nevertheless, we find two Alabama cases cited by the Baldwins, Higgins v. Nationwide Mutual Insurance Co., 291 Ala. 462, 282 So.2d 301 (1973), and State Farm Mutual AutomobileInsurance Co. v. Griffin, 51 Ala. App. 426, 286 So.2d 302
(1973), which apparently was relied upon by the United States District Court, to be most helpful in our decision.
In Higgins, supra, a minor plaintiff was injured in a one-vehicle accident while being transported as a student/passenger in an uninsured Jefferson County school bus. She sought to recover damages for her injuries under the uninsured motorist provision of her father's automobile liability policy. That provision contained an exclusion expressly denying coverage if the uninsured vehicle causing the claimant's injuries was "an automobile which [was] owned by the United States of America, Canada, a state, a political subdivision of any such government or any agency of any of the foregoing." In determining that this exclusion did not prevent plaintiff's recovery against her father's insurer this Court stated:
 "The purpose of Act No. 866 [now codified at Code 1975, § 32-7-23] is to provide coverage `for the protection of persons insured thereunder' against injury, including death, caused by the wrongful act of an uninsured motorist. Gulf American Fire Casualty Co. v. Gowan, 283 Ala. 480, 218 So.2d 688. While there may be argument for not including motor vehicles owned by the United States, Canada, a state or a political subdivision or agency of any of these, since governmental bodies are likely able to respond in damages, the fact remains that the Legislature did not provide this exclusion in the Act. It might have undertaken to do so, had it desired, Jones v. Southern Farm Bureau Casualty Co., 251 S.C. 446, 163 S.E.2d 306, but not having done so, it is mandatory that Act No. 866, the governing law be read into the policy contract as it exists. Where the inclusion of uninsured motorist coverage is mandatory under an act, unless specifically waived, the governing act states what the coverage shall include. Page v. Insurance Co. of North America, 256 Cal.App.2d 374, 64 Cal.Rptr. 89; Standard Accident Insurance Co. v. Gavin, 184 So.2d 229 (Fla.App.); Ampy v. Metropolitan Casualty Insurance Co., 200 Va. 396, 105 S.E.2d 839.
"In 11 Am.Jur. Trials, § 6, p. 86, it is stated:
 `Where a statute [an Act] requiring uninsured motorist coverage is broad and comprehensive in scope, it establishes as a matter of public policy that every bodily injury motor vehicle policy should provide uninsured motorist coverage; the code [Act] becomes in effect a part of every policy of insurance to which it is applicable, as if it were written out in full in the policy itself. * * *.' Hendricks v. Meritplan Insurance Co., 205 Cal.App.2d 133, 22 Cal.Rptr. 682.
 "Couch on Insurance, Second Edition, Vol. 12, § 45.625, p. 571 states:
 `An uninsured motorist statute requiring uninsured motorist coverage enters into the contract of insurance as an implied term and forms a part thereof.' Citing among other cases Prosk v. Allstate Insurance Co., 82 Ill. App.2d 457, 226 N.E.2d 498, 25 A.L.R.3d 1294; Travelers Indemnity Co. v. Powell, (Fla.App.) 206 So.2d 244; Stevens v. American Service Mutual Insurance Co., (Dist.Col.App.) 234 A.2d 305; Allison v. Imperial Casualty Indemnity Co., (Fla.App.) 222 So.2d 254; Rose v. Travelers Indemnity Co., 209 Va. 755, 167 S.E.2d 339; Travelers Indemnity Co. v. Williams, 119 Ga. App. 414, 167 S.E.2d 174; Progressive Mutual Insurance Co. v. Brown, (Fla.App.) 229 So.2d 645, quashed on other grounds (Fla.) 249 So.2d 429; Indiana Insurance Co. v. Noble, [148] Ind. App. [297], 265 N.E.2d 419. *Page 1233 
 "In Safeco Insurance Co. of America v. Jones, 286 Ala. 606, 615, 243 So.2d 736, 742, the restriction on uninsured motorist coverage under consideration was a contractually imposed limit on the total amount recoverable, if more than one insurer became liable to pay under its policy. In rejecting the unauthorized attempt to limit coverage this court said:
 `* * * [W]e cannot permit an insurer to avoid its statutorily imposed liability by its insertion into the policy of a liability limiting clause which restricts the insured from receiving that coverage for which the premium has been paid.'
"* * *
 "We think that in the absence of any language in the act authorizing the exclusion, no exclusion of governmentally owned motor vehicles may be created in the policy. An attempt to include such in the policy provisions conflicts with the mandate of the act. The act provides such insurance protection for insureds without limitation or restriction as to whether or not the uninsured motor vehicle is governmentally owned or operated, and restricting the act's scope thwarts its purpose."
291 Ala. at 465, 466; 282 So.2d at 303-305.
The language of Higgins clearly shows this Court's belief that the obvious legislative purpose behind the uninsured motorist act was to protect those financially and ethically responsible enough to obtain automobile liability insurance from injuries caused by those not so responsible. Griffin,supra, 51 Ala. App. at 430, 286 So.2d at 305. In other words, this Court recognizes, as did the legislature in enacting §32-7-23, that one who wishes to protect himself against the negligence of an uninsured driver should be able to contract with an insurer and, by paying an appropriate premium, receive such coverage. It is for this reason that the legislature made uninsured motorist coverage mandatory in every automobile policy issued in this state, unless such coverage is rejected by the insured, and it was this legislative mandate that moved insurers, such as State Farm, to promulgate uninsured motorist provisions, like the present one, almost tracking the language of § 32-7-23. Higgins, supra, 291 Ala. at 465,282 So.2d at 303.
If an insured chooses not to reject the protection afforded by the uninsured motorist statute and suffers a loss at the hands of an uninsured motorist, it is not necessary, as a condition precedent to his recovering in a direct action against his insurer, that he first secure judgment against the uninsured motorist. Griffin, supra, 51 Ala. App. at 430,286 So.2d at 306. Instead, he need only prove that he is "legally entitled to recover damages" against the uninsured motorist, within the meaning of § 32-7-23. In defining this term, the Alabama Court of Civil Appeals has stated:
 "One must, then, make a determination as to what the words, `legally entitled to recover damages,' mean. They mean that the insured must be able to establish fault on the part of the uninsured motorist, which gives rise to damages, and must be able to prove the extent of those damages. In a direct action by the insured against the insurer, the insured has the burden of proving in this regard that the other motorist was uninsured, legally liable for damage to the insured, and the amount of this liability. Note that the insurer would have available, in addition to policy defenses, the substantive defenses that would have been available to the uninsured motorist. See Winner v. Ratzlaff, [211 Kan. 59, 505 P.2d 606 (1973)]; Application of Travelers Indemnity Company, Sup., 226 N.Y.S.2d 16; Cox, Uninsured Motorist Coverage, 34 Mo.L.Rev. 1, 34 (1969)."
Griffin, supra, 51 Ala. App. at 431, 286 So.2d at 306.
The reasoning expressed by the Court of Civil Appeals inGriffin was later adopted by this Court in Quick v. State FarmAutomobile Insurance Co., 429 So.2d 1033, 1034 (Ala. 1983).
State Farm contends that, as noted in Griffin, it may assert not only those defenses arising from its policy with the *Page 1234 
Baldwins but also those substantive defenses available to White and the United States Government, the operator and the owner of the uninsured vehicle in question. State Farm argues that one of these substantive defenses is the immunity afforded by theFeres doctrine, which provides that no cause of action arises against the United States Government or its employees for injuries incurred by a member of the military arising out of and/or in the course of his active military service. Feres,supra. Because the Feres doctrine precludes any cause of action in such situations, and because Baldwin was on duty at the time of his injury, State Farm asserts that Baldwin was never "legally entitled to recover damages" against either White or the Government, within the meaning of § 32-7-23, and, therefore, is not entitled to recover in a direct action against it.
While State Farm is technically correct, that the Feres
doctrine is a defense available to it under the holding ofGriffin, supra, this Court must decide if the legislative policy of the uninsured motorist statute would allow State Farm to assert that defense and deny the otherwise valid claim of the Baldwins. Using the previous decisions of this Court and construing the intent of the legislature in adopting the uninsured motorist statute, we hold that the Feres doctrine is inapplicable.
As this Court stated in Higgins, the purpose of § 32-7-23 is to "provide coverage." Considering our decision in Higgins, holding that insurers cannot expressly exclude from uninsured motorist coverage injuries resulting from collisions with government vehicles, it would be completely anomalous to hold that insurers may enforce the same exclusion, by implication, because of an anomaly of statutory construction created by the interaction of the Feres doctrine and § 37-7-23.
Thus, it is this Court's opinion that, because the undisputed facts are that Baldwin was injured as a proximate result of White's negligent operation of an uninsured vehicle, it is in keeping with the intent of the uninsured motorist statute and with our principles of statutory construction to hold that the Baldwins are "legally entitled to recover damages" against White and the Government, within the meaning of § 32-7-23, regardless of the fact that David Baldwin is otherwise prohibited from such recovery by the Feres doctrine. Therefore, they are entitled to recover under their policy with State Farm.
CERTIFIED QUESTION ANSWERED.
FAULKNER, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., recused.