No. 85-41

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

STACEY JO HUBBEL, Individually and
as Guardian ad Litem of BROOKE ANNE
HUBBEL, et al.,

Plaintiffs and Respondents,

-vs-

THE WESTERN FIRE INSURANCE COMPANY
and STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

Defendant and Appellant.

---

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Ravalli,
The Honorable James B. Wheelis, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Williams Law Firm; Richard Ranney argued, Missoula,
Montana

For Respondents:

Recht & Greef; John D. Greef argued, Hamilton,
Montana

---

Submitted: July 25, 1985

Decided: September 10, 1985

Filed: SEP 1 0 1985

*Ethel M. Harrison*

Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

State Farm Mutual Automobile Insurance Company (State Farm) appeals the November 23, 1984, opinion and order of the Fourth Judicial District Court holding that Stacey Jo Hubbel, individually, as personal representative of her husband's estate and as guardian ad litem of their children, is entitled to recover damages from State Farm under an insurance policy's uninsured motorist provisions. We reverse the order of the District Court.

Ronald L. Pearson and David Earl Hubbel were partners, doing business as Alpine Oil. They elected to be covered by Workers' Compensation Insurance. On April 12, 1983, while acting within the course and scope of their employment, Pearson and Hubbel were killed in an automobile accident. Pearson was driving. It is alleged that Pearson's negligence was the sole cause of the accident.

Workers' Compensation benefits were applied for and received by the heirs and/or personal representatives of the decedents. Thereafter, respondent, Stacey Jo Hubbel, brought a declaratory judgment action against Western Fire Insurance, the insurer of two vehicles owned by Alpine Oil, and State Farm, the insurer of the vehicle involved in the fatal collision, claiming entitlement to uninsured motorist benefits from both companies. The insurance companies denied any obligation to respondent, claiming that neither of the two conditions for receiving uninsured motorist benefits exists.

The parties briefed the issues. Thereafter, the trial judge determined that the two conditions were met and that respondent was entitled to receive the benefits. Western Fire Insurance has since settled with respondent. State Farm appeals, raising one issue:

"Whether respondent is legally entitled to uninsured motorist benefits in addition to any Workers' Compensation benefits received when the decedent was fatally injured by a co-employee's negligent operation of a motor vehicle?"

Ron Pearson was the owner and operator of the vehicle involved in the fatal collision. He purchased a standard automobile insurance policy from State Farm to cover the vehicle. The policy provides for uninsured motorist coverage. The liability and the uninsured motorist coverage limits are legally sufficient under Montana law.

The uninsured motorist provisions of the policy and Montana's uninsured motorist's statute, § 33-23-201, MCA, base payment of uninsured motorist benefits on two conditions: (1) the claimant is legally entitled to recover damages from the owner or operator of the uninsured vehicle; and (2) the driver of the vehicle is uninsured. Oleson v. Farmers Insurance Group (1980), 185 Mont. 164, 166, 605 P.2d 166, 167.

We find that neither of these conditions exists. Therefore, respondent is not entitled to uninsured motorist benefits.

I

LEGAL ENTITLEMENT TO DAMAGES

Section 39-71-411, MCA, provides that when an employer has elected to be covered under the Workers' Compensation Act, that Act provides the exclusive remedy available to employees for the negligent acts of their employer. Section 39-71-412, MCA, and Madison v. Pierce (1970), 156 Mont. 209, 212-216, 478 P.2d 860, 863-866, extend this exclusive remedy to recovery for injuries caused by the negligent acts of co-employees. In case of an employee's death, the Act also binds "his personal representative and all persons having any

3

right or claim to compensation for his injury or death. . . ." Section 39-71-411, MCA.

Stacey Hubbel's exclusive remedy is that provided by the Workers' Compensation Act, so neither Ron Pearson nor his insurer is liable to respondent. Gray v. Margot Inc. (La.App. 1981), 408 So.2d 436, 437 - 438. Respondent has no cause of action against Ron Pearson. Respondent therefore is not legally entitled to recover damages from Ron Pearson or Pearson's insurer. Carlisle v. State Department of Transportation and Development (La.App. 1981), 400 So.2d 284, 286.

We approve the rationale on which the Michigan Court of Appeals relied when resolving a similar issue. In Hopkins v. Auto-Owners Insurance Company (Mich.App. 1972), 200 N.W.2d 784, an employee was injured as a result of the negligent driving of a co-employee who was also an uninsured motorist. The injured employee, despite conceding his inability to bring a direct action against the tortfeasor because of the exclusive remedy provisions of the Workers' Compensation Act, sought redress from the uninsured motorist provisions of his employer's insurer. In affirming an arbitrator's denial of any liability on the part of the insurer, the court stated:

"Because of the exclusiveness of the workman's compensation coverage, plaintiff never had a remedy against the tortfeasor. He was never entitled to damages from the negligent motorist. To hold otherwise would be to grant plaintiff a windfall not contemplated by the parties when they entered into their contract of insurance, and not intended by the Legislature in its enactments encouraging the utilization of uninsured motorist coverage [citations omitted]." Hopkins, 200 N.W.2d at 786.

Finally, we find the trial judge's reliance on this Court's decision in Sullivan v. Doe (1972), 159 Mont. 50, 495 P.2d 193, to be misplaced. In Sullivan, two co-employees were injured as a result of a third party's negligence. The third party was neither their employer nor a co-employee.

4

Therefore, the Workers' Compensation Act did not provide the exclusive remedy available to plaintiffs for their injuries. Plaintiffs could seek redress through the uninsured motorist provisions of their employer's insurance policy.

## II

## UNINSURED MOTORIST

The trial judge found Ron Pearson to be an uninsured motorist for two reasons. First, § 39-71-411, MCA, requires that respondent's exclusive remedy be the Workers' Compensation Act, so Pearson's automobile insurance is not applicable. Since the insurance is not applicable, Pearson was operating an uninsured vehicle. Second, State Farm's refusal to provide coverage under the "bodily injury" portions of its policy resulted in Pearson qualifying as an uninsured motorist. The trial judge's analysis creates a "Catch-22" situation for the insurance company. First, the insurance policy is not applicable because of the exclusive remedy set forth in the Workers' Compensation Act. Therefore, the uninsured motorist provision of the policy comes into play, providing insurance coverage in violation of § 39-71-411, MCA. Second, the insurance company's refusal to provide coverage because of the exclusive remedy provided by the Act triggers the uninsured motorist provisions, and respondent is once again entitled to a remedy other than that provided for in the Act.

These results are contrary to the intent of the Legislature in creating the uninsured motorist provisions. This Court discussed two reasons for the provisions in Sullivan, supra.

> "The basic purpose of this statute is obvious - to provide protection for the automobile insurance policyholder against the risk of inadequate compensation for injuries or death caused by the negligence of financially irresponsible motorists." Sullivan, 159 Mont. at 60, 495 P.2d at 198.

5

Pearson was not a financially irresponsible motorist. As discussed earlier, he was covered by legally adequate automobile insurance policies. He was an insured motorist.

> "The legislative purpose behind the enactment of such statutory provisions on 'uninsured motorist' coverage is equally clear. It is simply to place the injured policyholder in the same position he would have been if the uninsured motorist had liability insurance. . . ." Sullivan, 159 Mont. at 60, 495 P.2d at 198.

A corollary to this principle is that uninsured motorist provisions should not be used to place an injured claimant in a better position than he would be under the ordinary provisions of an existing insurance policy. As State Farm states on page ten of its brief, "[w]hether or not Hubbel can recover judgment for his damages against Pearson does not depend, and is not affected, by whether or not Pearson had liability insurance." Rather, recovery by Hubbel from Pearson is dependent on, and denied by, the exclusive remedy provisions of the Workers' Compensation Act.

Reversed and remanded for entry of an order consistent with the law set forth in this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

6

Mr. Justice John C. Sheehy, dissenting:

I dissent. I would affirm the District Court and hold that plaintiffs are entitled to recover from State Farm Mutual Automobile Insurance Company under the uninsured motorist provisions of its policy issued to Ron Pearson.

The majority opinion puts an exception in § 33-23-201, MCA, the uninsured motorist coverage statute, that was not placed there by the legislature. The Court-made exception holds that employees in the course of their employment who are injured or killed by the negligent acts of their co-employees have no right to claim uninsured motorist coverage benefits even under their own policies. The exception is all-inclusive: there could be no recovery from policies of insurance provided by the employer, the injured employee, nor the negligent co-employee. I do not accept that holding.

The public policy of this State is expressed in § 33-23-201, MCA, stating:

> No automobile liability . . . policy . . . shall be delivered . . . in this State, . . . unless coverage is provided therein . . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles . . .

Here the heirs of David Hubbel are "legally" entitled to recover damages for their decedent against Ron Pearson's estate. This was made clear in a recent case involving the same insurance company, State Farm Automobile Insurance Company v. Baldwin (Ala. 1985), 470 So.2d 1230. The facts in Baldwin are right in line with the facts in this case. Baldwin, an army sergeant, was riding a motorcycle when a U.S. government vehicle operated by White, a civilian

- 7 -

employee of U.S. Government, collided with Baldwin's motorcycle. All parties conceded that the accident was caused by White's negligence. Under the Federal Tort Claims Act, 28 U.S.C.A., § 1346, as interpreted in Feres v. United States (1950), 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152, Baldwin cannot recover from either the United States of America or its employee-agent, White.

It is noteworthy that the situation of Baldwin is exactly the situation in the case at bar. In Baldwin, the plaintiff Baldwin could not recover from the government or its employee because of the Feres doctrine. In the case at bar, the heirs of Hubbel could not recover against his employer or his co-employee because of the exclusivity provisions in the Workers' Compensation Act.

The Baldwin court discussed what the words "legally entitled" meant in the Alabama uninsured motorist statute. It said:

> "One must, then, make a determination as to what the words, 'legally entitled to recover damages,' mean. They mean that the insured must be able to establish fault on the part of the uninsured motorist, which gives rise to damages, and must be able to prove the extent of those damages. In a direct action by the insured against the insurer, the insured had the burden of proving in this regard that the other motorist was uninsured, legally liable for damage to the insured, and the amount of this liability. Note that the insurer would have available, in addition to policy defenses, the substitute defenses that would have been available to the uninsured motorist . . ." 4707 So.2d 1233. (Emphasis added.)

The Alabama Supreme Court went on to note that State Farm wanted not only to use the substantive defenses available to White and the United States Government, but also to assert the immunity defense afforded by the Feres doctrine. The Alabama Court held that such application of the Feres doctrine to prevent the recovery of uninsured

- 8 -

motorist benefits violated Alabama's legislative policy. It refused to allow State Farm to apply the Feres doctrine to avoid liability under the uninsured motorist coverage statute.

We should reach the same result here. The only defenses available to State Farm which we should allow should relate to defenses as to legal liability on the part of Pearson (for example comparative negligence) or policy defenses which relate to the coverage itself. Otherwise, the legislative policy declared in § 33-23-201, MCA, is impaired. We noted in Sullivan v. Doe, relied on by the majority, that "[t]he majority of jurisdictions outside Montana declare void those clauses which purport to limit liability not expressly authorized by statute." 159 Mont. at 63, 495 P.2d at 200.

Moreover, the majority members are uninstructed as to the underlying facts and the effect of the holding in Sullivan v. Doe. In that case, both Sullivan and Miller had recovered a judgment against John Doe, an unknown uninsured motorist. Sullivan and Miller were both policemen who were riding in a police car in Butte at the time of the incident. Sullivan was driving with Miller a passenger beside him in the front seat. The police car was owned and provided by the City of Butte which also carried an automobile insurance policy on the police car containing an uninsured motorist endorsement with Glacier General Insurance Company. In addition Sullivan carried his own policy with an uninsured motorist endorsement with Hartford Accident Indemnity Company. Miller carried a policy with an uninsured motorist endorsement with State Farm Mutual Automobile Insurance Company.

When the case reached this Court on appeal, this Court determined that Sullivan, the driver of the automobile, was negligent as a matter of law, and therefore set aside his judgment against the unknown uninsured motorist. This Court, however, sustained the judgment that Miller had obtained, since as a passenger in the police car, the negligence of Sullivan in operating the police car was not imputed to Miller. In holding for Miller, this Court decided that the City of Butte's Glacier General insurance policy containing uninsured motorist coverage applied and that in addition Miller could recover from his own insurer, State Farm Mutual, for an additional uninsured motorist coverage benefit.

Thus, Miller was in exactly the same position that the heirs of Hubbel are in this case. Miller had been injured by his co-employee, Sullivan, and Miller was held entitled to recover uninsured motorist coverage benefits against the policy provided by his employer, the City of Butte. Miller also recovered Workers' Compensation benefits. Further Miller recovered from the insurer under his own policy for the legal liability of the unknown uninsured motorist.

In Sullivan, both insurers Glacier General and State Farm contended that because Miller had recovered Workers' Compensation, they were entitled to an offset to the extent of the Workers' Compensation that he had received. This Court held that such a holding would reduce or limit his "eligible uninsured motorist coverage" by deduction of payments from other insurance which was adverse to Montana's uninsured motorist coverage law.

Without stating so, the majority members have overruled Sullivan v. Doe, supra. They have ignored the legislative

policy to provide uninsured motorist coverage, which we have heretofore strongly supported.

The basic fault in the reasoning of the majority members in this case is they have regarded the interpretation of the Workers' Compensation Act and the Uninsured Motorist Coverage Act from the viewpoint of the insurer, and not from the viewpoint of the claimant. To State Farm Mutual, Pearson is not uninsured, because its policy does provide liability coverage to him. To the Hubbel claimants, however, Pearson is uninsured, because through a legal technicality, much the same as the Feres doctrine, the Hubbel heirs cannot obtain a judgment against Pearson which could be satisfied under the liability portion of the State Farm Policy. If State Farm is caught in a Catch-22, the Hubbel heirs are caught in a Catch-44, a double whammy. State Farm gets to keep the money for which it collected a premium; the Hubbel heirs do not get to collect anything under the uninsured motorist coverage.

The district judge here correctly decided to support the legislative policy of this State. I would affirm the holding of the district judge.

                                    John C. Sheehy
                                    _____
                                           Justice

Mr. Justice John Conway Harrison, dissenting:

I concur in the dissent of Mr. Justice Sheehy.

                                    John Conway Harrison
                                    _____
                                           Justice

- 11 -