MR. JUSTICE SHEEHY,
dissenting:
I dissent. I would affirm the District Court and hold that plaintiffs are entitled to recover from State Farm Mutual Automobile Insurance Company under the uninsured motorist provisions of its policy issued to Ron Pearson.
The majority opinion puts an exception in Section 33-23-201, MCA, the uninsured motorist coverage statute, that was not placed there by the legislature. The Court-made exception holds that employees in the course of their employment who are injured or killed by the negligent acts of their co-employees have no right to claim uninsured motorist coverage benefits even under their own policies. The exception is all-inclusive: there could be no recovery from policies of insurance provided by the employer, the injured employee, nor the negligent co-employee. I do not accept that holding.
The public policy of this State is expressed in Section 33-23-201, MCA, stating:
“No automobile liability . . . policy . . . shall be delivered ... in this State, . . . unless coverage is provided therein ... for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles
Here the heirs of David Hubbel are “legally” entitled to recover damages for their decedent against Ron Pearson’s estate! This was made clear in a recent case involving the same insurance company, State Farm Automobile Insurance Company v. Baldwin (Ala. 1985), 470 So.2d 1230. The facts in Baldwin are right in line with the facts in this case. Baldwin, an army sergeant, was riding a motorcycle when a U.S. government vehicle operated by White, a civilian employee of U.S. Government, collided with Baldwin’s motorcycle. All parties conceded that the accident was caused by White’s negli *27 gence. Under the Federal Tort Claims Act, 28 U.S.C.A., Section 1346, as interpreted in Feres v. United States (1950), 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152, Baldwin cannot recover from either the United States of America or its employee-agent, White.
It is noteworthy that the situation of Baldwin is exactly the situation in the case at bar. In Baldwin, the plaintiff Baldwin could not recover from the government or its employee because of the Feres doctrine. In the case at bar, the heirs of Hubbel could not recover against his employer or his co-employee because of the exclusivity provisions in the Workers’ Compensation Act.
The Baldwin court discussed what the words “legally entitled” meant in the Alabama uninsured motorist statute. It said:
“One must, then, make a determination as to what the words, ‘legally entitled to recover damages,’ mean. They mean that the insured must be able to establish fault on the part of the uninsured motorist, which gives rise to damages, and must be able to prove the extent of those damages. In a direct action by the insured against the insurer, the insured had the burden of proving in this regard that the other motorist was uninsured, legally liable for damage to the insured, and the amount of this liability. Note that the insurer would have available, in addition to policy defenses, the substitute defenses that would have been available to the uninsured motorist . . .” 470 So.2d 1233. (Emphasis added.)
The Alabama Supreme Court went on to note that State Farm wanted not only to use the substantive defenses available to White and the United States Government, but also to assert the immunity defense afforded by the Feres doctrine. The Alabama Court held that such application of the Feres doctrine to prevent the recovery of uninsured motorist benefits violated Alabama’s legislative policy. It refused to allow State Farm to apply the Feres doctrine to avoid liability under the uninsured motorist coverage statute.
We should reach the same result here. The only defenses available to State Farm which we should allow should relate to defenses as to legal liability on the part of Pearson (for example comparative negligence) or policy defenses which relate to the coverage itself. Otherwise, the legislative policy declared in Section 33-23-201, MCA, is impaired. We noted in Sullivan v. Doe, relied on by the majority, that “[t]he majority of jurisdictions outside Montana declare void those clauses which purport to limit liability not expressly authorized by statute.” 159 Mont. at 63, 495 P.2d at 200.
Moreover, the majority members are uninstructed as to the under *28 lying facts and the effect of the holding in Sullivan v. Doe. In that case, both Sullivan and Miller had recovered a judgment against John Doe, an unknown uninsured motorist. Sullivan and Miller were both policemen who were riding in a police car in Butte at the time of the incident. Sullivan was driving with Miller a passenger beside him in the front seat. The police car was owned and provided by the city of Butte which also carried an automobile insurance policy on the police car containing an uninsured motorist endorsement with Glacier General Insurance Company. In addition Sullivan carried his own policy with an uninsured motorist endorsement with Hartford Accident Indemnity Company. Miller carried a policy with an uninsured motorist endorsement with State Farm Mutual Automobile Insurance Company.
When the case reached this Court on appeal, this Court determined that Sullivan, the driver of the automobile, was negligent as a matter of law, and therefore set aside his judgment against the unknown uninsured motorist. This Court, however, sustained the judgment that Miller had obtained, since as a passenger in the police car, the negligence of Sullivan in operating the police car was not imputed to Miller. In holding for Miller, this Court decided that the City of Butte’s Glacier General Insurance policy containing uninsured motorist coverage applied and that in addition Miller could recover from his own insurer, State Farm Mutual, for an additional uninsured motorist coverage benefit.
Thus, Miller was in exactly the same position that the heirs of Hubbel are in this case. Miller had been injured by his co-employee, Sullivan, and Miller was held entitled to recover uninsured motorist coverage benefits against the policy provided by his employer, the City of Butte. Miller also recovered Workers’ Compensation benefits. Further Miller recovered from the insurer under his own policy for the legal liability of the unknown uninsured motorist.
In Sullivan, both insurers Glacier General and State Farm contended that because Miller had recovered Workers’ Compensation, they were entitled to an offset to the extent of the Workers’ Compensation that he had received. This Court held that such a holding would reduce or limit his “eligible uninsured motórist coverage” by deduction of payments from other insurance which was adverse to Montana’s uninsured motorist coverage law.
Without stating so, the majority members have overruled Sullivan v. Doe, supra. They have ignored the legislative policy to provide *29 uninsured motorist coverage, which we have heretofore strongly supported.
The basic fault in the reasoning of the majority members in this case is they have regarded the interpretation of the Workers’ Compensation Act and the Uninsured Motorist Coverage Act from the viewpoint of the insurer, and not from the viewpoint of the claimant. To State Farm Mutual, Pearson is not uninsured, because its policy does provide liability coverage to him. To the Hubbel claimants, however, Pearson is uninsured, because through a legal technicality, much the same as the Feres doctrine, the Hubbel heirs cannot obtain a judgment against Pearson which could be satisfied under the liability portion of the State Farm Policy. If State Farm is caught in a Catch-22, the Hubbel heirs are caught in a Catch-44, a double whammy. State Farm gets to keep the money for which it collected a premium; the Hubbel heirs do not get to collect anything under the uninsured motorist coverage.
The district judge here correctly decided to support the legislative policy of this State. I would affirm the holding of the district judge.