Was the vehicle that Deputy Sheriff Anderson was operating at the time of the accident made the basis of the underlying action an "uninsured motor vehicle"? No. It is stipulated that this vehicle was insured for bodily injury liability in an amount in excess of that required by the Alabama Motor Vehicle Safety Responsibility Act.
Alabama Acts 1965, Act No. 866; Section 32-7-23 (before it was amended in 1984); Ala. Acts 1984, Act No. 84-301; and §32-7-23 as it read after amendment, all address "uninsured motor vehicles," not "uninsured motorist" (a term used by the Michie Company in its version of our Alabama Code of 1975 as a heading for § 32-7-23. That heading has no legal significance.
See Ala. Code 1975, § 1-1-14).
The mere fact that a vehicle insured for bodily injury liability is operated by someone who is immune from liability while operating that vehicle cannot make the vehicle an "uninsured motor vehicle." The certified question in State FarmAutomobile Insurance Co. v. Baldwin, 470 So.2d 1230 (Ala. 1985), involved an uninsured motor vehicle. 470 So.2d at 1231, 1234. The question presented in this case does not.